1  TRACY L. WILKISON
   Acting United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN B. REIDY (Cal. Bar No. 320583)
4  Assistant United States Attorney
   Violent and Organized Crime Section
5       1300 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-8536
7       Facsimile: (213) 894-0141
        E-mail:    kevin.reidy@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**6/22/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY:      JB      DEPUTY

10                    UNITED STATES DISTRICT COURT

11                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. CR   2:21-cr-00290-DSF

13          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       ZOILA DEL PILAR FERNANDEZ CABREJOS
14              v.

15  ZOILA DEL PILAR FERNANDEZ
      CABREJOS,
16
            Defendant.
17

18       1.   This constitutes the plea agreement between ZOILA DEL PILAR

19  FERNANDEZ CABREJOS ("defendant") and the United States Attorney's

20  Office for the Central District of California (the "USAO") in the

21  investigation of defendant's fee collection practices while working

22  as a paralegal assisting in immigration matters between August 2017

23  and December 2018.  This agreement is limited to the USAO and cannot

24  bind any other federal, state, local, or foreign prosecuting,

25  enforcement, administrative, or regulatory authorities.

26  //

27  //

28

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Wire Fraud in violation of 18 U.S.C. § 1343.

b.   Agree that all court appearances, including her change of plea hearing and sentencing hearing, may proceed by video-teleconference ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 20-04 or another order, rule, or statute.  Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), she may have the right to be physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely.  Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i.   Defendant consents under Federal Rules of Criminal Procedure 5(f) and 10(c) and Section 15002(b) of the CARES Act to proceed with her initial appearance and arraignment by VTC or telephone, if VTC is not reasonably available.

ii.   Defendant consents under Section 15002(b) of the CARES Act to proceed with her waiver of indictment, under Federal

1    Rule of Criminal Procedure 7(b), by VTC or telephone, if VTC is not

2    reasonably available.

3                    iii. Defendant consents under Section 15002(b) of the

4    CARES Act to proceed with her change of plea hearing by VTC or

5    telephone, if VTC is not reasonably available.

6                    iv.  Defendant consents under Section 15002(b) of the

7    CARES Act to proceed with her sentencing hearing by VTC or telephone,

8    if VTC is not reasonably available.

9            c.    Not contest facts agreed to in this agreement.

10           d.    Abide by all agreements regarding sentencing contained

11   in this agreement.

12           e.    Appear for all court appearances, surrender as ordered

13   for service of sentence, obey all conditions of any bond, and obey

14   any other ongoing court order in this matter.

15           f.    Make restitution in the amount of $20,708.  If

16   defendant makes any restitution payments at or before the time of

17   sentencing, payments can be made by delivering a certified check or

18   money order to the Fiscal Clerk of the Court to be held until the

19   date of sentencing and, thereafter, applied to satisfy defendant's

20   restitution and/or fine balance.  Such payments may be made to the

21   Clerk, United States District Court, Fiscal Department, 255 East

22   Temple Street, Room 1178, Los Angeles, California 90012.

23           g.    Not commit any crime; however, offenses that would be

24   excluded for sentencing purposes under United States Sentencing

25   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

26   within the scope of this agreement.

27           h.    Be truthful at all times with the United States

28   Probation and Pretrial Services Office and the Court.

1          i.    Pay the applicable special assessment at or before the

2    time of sentencing unless defendant has demonstrated a lack of

3    ability to pay such assessments.

4    THE USAO'S OBLIGATIONS

5       3.   The USAO agrees to:

6          a.    Not contest facts agreed to in this agreement.

7          b.    Abide by all agreements regarding sentencing contained

8    in this agreement.

9          c.    At the time of sentencing, provided that defendant

10   demonstrates an acceptance of responsibility for the offense up to

11   and including the time of sentencing, recommend a two-level reduction

12   in the applicable Sentencing Guidelines offense level, pursuant to

13   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

14   additional one-level reduction if available under that section.

15         d.    Except for criminal tax violations (including

16   conspiracy to commit such violations chargeable under 18 U.S.C.

17   § 371), not further criminally prosecute defendant for violations of

18   18 U.S.C. §§ 1343 and 1422 arising out of defendant's conduct

19   described in the agreed-to factual basis set forth below.  Defendant

20   understands that the USAO is free to criminally prosecute defendant

21   for any other unlawful past conduct or any unlawful conduct that

22   occurs after the date of this agreement.  Defendant agrees that at

23   the time of sentencing the Court may consider the uncharged conduct

24   in determining the applicable Sentencing Guidelines range, the

25   propriety and extent of any departure from that range, and the

26   sentence to be imposed after consideration of the Sentencing

27   Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

28

1            e.    Recommend that defendant be sentenced to a term of

2    imprisonment no higher than the low end of the applicable Sentencing

3    Guidelines range, provided that the offense level used by the Court

4    to determine that range is 11 or higher and provided that the Court

5    does not depart downward in offense level or criminal history

6    category.  For purposes of this agreement, the low end of the

7    Sentencing Guidelines range is that defined by the Sentencing Table

8    in U.S.S.G. Chapter 5, Part A.

9                          NATURE OF THE OFFENSE

10        4.    Defendant understands that for defendant to be guilty of

11   the crime charged in the single-count information, that is, wire

12   fraud, in violation of 18 U.S.C. §  1343, the following must be true:

13   (1) defendant knowingly devised a scheme or plan to defraud, or a

14   scheme or plan for obtaining money or property by means of false or

15   fraudulent pretenses, representations, or promises; (2) the

16   statements made or facts omitted as part of the scheme were material;

17   that is, they had a natural tendency to influence, or were capable of

18   influencing, a person to part with money or property; (3) the

19   defendant acted with the intent to defraud, that is, the intent to

20   deceive or cheat; and (4) the defendant used, or caused to be used,

21   an interstate wire communication to carry out or attempt to carry out

22   an essential part of the scheme.

23                      PENALTIES AND RESTITUTION

24        5.    Defendant understands that the statutory maximum sentence

25   that the Court can impose for a violation of 18 U.S.C. § 1343, is: 20

26   years' imprisonment; a 3-year period of supervised release; a fine of

27   $250,000 or twice the gross gain or gross loss resulting from the

28

offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those charges.  The parties currently believe that the applicable amount of restitution is approximately $20,708, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay

removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than on or about August 2017, and continuing through at least on or about December 2018, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendant, together with others known and unknown, knowingly and with intent to defraud, devised, participated, and executed a scheme to defraud the clients of various immigration law firms (the "Immigration Law Firms") by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

1    Defendant worked as a paralegal at the Immigration Law Firms.
2  As a paralegal, defendant assisted the Immigration Law Firms' clients
3  with immigration-related matters such as obtaining asylum, relief
4  from deportation, United States residency and citizenship, and work
5  permits.  Defendant also assisted with filing documents on behalf of
6  the Immigration Law Firms' clients with United States Citizenship and
7  Immigration Services ("USCIS").  USCIS charged fees for filing
8  certain immigration-related documents.  The Immigration Law Firms
9  charged their clients for the USCIS filing fees.

10   Defendant met with clients of the Immigration Law Firms and
11  instructed the clients to pay defendant directly.  Defendant
12  represented to the clients that the payments made to her would be
13  used for USCIS filing fees, USCIS fingerprinting fees, and for other
14  immigration-related fees assessed by USCIS or the United States
15  Department of Homeland Security.  For example, defendant would
16  instruct the clients to pay defendant $930.00 for a filing fee
17  charged by USCIS.

18   In some instances, defendant instructed the clients to leave the
19  "pay to" line of checks and money orders blank.  In other instances,
20  the clients made the "pay to" line of checks out to USCIS or the
21  United States Department of Homeland Security ("DHS").  The clients
22  would pay defendant directly using checks and money orders for what
23  defendant represented were payments for USCIS filing fees, USCIS
24  fingerprinting fees, and for other immigration-related fees assessed
25  by USCIS or the United States Department of Homeland Security.

26   In fact, as defendant then knew, she would not use the clients'
27  payments for USCIS filing fees, fingerprinting fees, or immigration-
28  related legal services provided by the Immigration Law Firms.

Indeed, with regard to USCIS $930.00 filing fee, defendant knew that the fees solicited from the clients had, in fact, been waived by USCIS.  Defendant would instead use the clients' payments for her personal expenses.

Defendant deposited approximately $67,773 in payments, most totaling $930.00 and made out to USCIS, DHS, or to defendant herself, from at least 17 of her clients into her personal bank accounts, including a personal checking account in her name with an account number ending in 3463 with Wells Fargo, N.A. (the "Wells Fargo Account").  Defendant used these funds for her personal expenses.

In furtherance of this scheme, on or about December 3, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant, for the purpose of executing the above-described scheme to defraud, transmitted or caused others to transmit a wire communication in interstate commerce, namely, a deposit of a $930.00 money order made out to "USCIS" from victim S.B.D. into the Wells Fargo Account through Wells Fargo servers in either Alabama or Minnesota.

<u>SENTENCING FACTORS</u>

12.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss $40,000+ | +6 | U.S.S.G. § 2B1.1(b)(1)(D) |
| 10+ Victims | +2 | U.S.S.G. § 2B2.2(b)(2)(A) |

Subject to paragraph 28 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

14.   Because the justice system is facing an unprecedented crisis through the backlog of cases, the parties agree that the defendant is entitled to a two-level variance as recognition of

defendant's early acceptance of responsibility, which will lessen the burden on the court system by: (1) waiving any right to presence and pleading guilty at the earliest opportunity by VTC (or telephone, if VTC is not reasonably available); (2) waiving any right to presence and agreeing to be sentenced by VTC (or telephone, if VTC is not reasonably available) should the Central District of California's Order of the Chief Judge allow for it; (3) agreeing to appear at all other times by VTC or telephone; and (4) waiving all appellate rights.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.   Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL ATTACK

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high-end of the Sentencing Guidelines range calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion

of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $20,708; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 6 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $20,708.

21. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is

14

pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

22.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

24.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

BREACH OF AGREEMENT

2    25.   Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.   All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10  cured a breach without the express agreement of the USAO in writing.

11  If the USAO declares this agreement breached, and the Court finds

12  such a breach to have occurred, then: (a) if defendant has previously

13  entered a guilty plea pursuant to this agreement, defendant will not

14  be able to withdraw the guilty plea, and (b) the USAO will be

15  relieved of all its obligations under this agreement.

16    26.   Following the Court's finding of a knowing breach of this

17  agreement by defendant, should the USAO choose to pursue any charge

18  that was either dismissed or not filed as a result of this agreement,

19  then:

20         a.   Defendant agrees that any applicable statute of

21  limitations is tolled between the date of defendant's signing of this

22  agreement and the filing commencing any such action.

23         b.   Defendant waives and gives up all defenses based on

24  the statute of limitations, any claim of pre-indictment delay, or any

25  speedy trial claim with respect to any such action, except to the

26  extent that such defenses existed as of the date of defendant's

27  signing this agreement.

28

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

27.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits

17

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

30.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

31.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          6/7/2021
KEVIN B. REIDY                            _____
Assistant United States Attorney          Date

_____          06/07/21
ZOILA DEL PILAR FERNANDEZ CABREJOS        _____
Defendant                                 Date

_____          6/7/21
REID ROWE                                 _____
Deputy Federal Public Defender            Date
Attorney for Defendant
ZOILA DEL PILAR FERNANDEZ CABREJOS

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          06/07/21
ZOILA DEL PILAR FERNANDEZ CABREJOS          Date
Defendant

20

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ZOILA DEL PILAR FERNANDEZ CABREJOS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____       6/7/21
REID ROWE                              Date
Deputy Federal Public Defender
Attorney for Defendant
ZOILA DEL PILAR FERNANDEZ CABREJOS

21